IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TOWANNA MCLAURIN, § § | |
| Plaintiff, § § § | CIVIL ACTION |
| vs. § § | NO.: _____ |
| P.A.M. TRANSPORT, INC. and § KEITH CHANDLER THOMPSON, § § | |
| Defendants. § § | |

**DEFENDANTS' JOINT NOTICE OF REMOVAL**

COME NOW **P.A.M. TRANSPORT, INC.**, a Defendant in the above-styled civil action, and **KEITH A. THOMPSON**, improperly identified as **KEITH CHANDLER THOMPSON**, a purported Defendant in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process (both hereinafter referred to as "Defendants"), and hereby remove Civil Action File No. 22EV002199 from the State Court of Fulton County to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to Fed. R. Civ. P. 81(c) and 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds for the removal state as follows:

## STATEMENT OF THE CASE

1.

Defendants have been sued in a civil action brought in the State Court of Fulton County, which is located within the Atlanta Division of the United States District Court for the Northern District of Georgia. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders and documents from the State Court Action have been attached as Defendants' Exhibit 1 (hereinafter "D-1").

2.

The present matter is an action for damages for bodily injuries stemming from a May 3, 2021 motor vehicle accident involving Plaintiff Towanna McLaurin and Defendant Keith A. Thompson[1] (hereinafter "the subject accident"). D-1, Complaint, ¶¶ 5-11. Plaintiff makes claims against Defendant Keith A. Thompson for (i) negligence/wantonness and (ii) gross negligence/wantonness. *Id.*, ¶¶ 12-16, 21-23. Plaintiff makes claims against Defendant P.A.M. Transport, Inc. for (i) negligence/wantonness, (ii) gross negligence/wantonness, (iii) negligent hiring, training and supervision, and (iv) agency. *Id.*, ¶¶ 17-29.

---

[1] Plaintiff has improperly named and identified Keith A. Thompson as Keith Chandler Thompson.

3.

The Complaint was filed April 11, 2022, in the State Court of Fulton County, Civil Action File No. 22EV002199.  *See* D-1, Complaint.  Defendant P.A.M. Transport, Inc., was served with the Summons and Complaint on April 22, 2022, via its registered agent for service of process in the State of Georgia. Defendant Keith A. Thompson has not yet been served with the Summons and Complaint.

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

4.

Plaintiff Towanna McLaurin is a citizen of the State of Georgia.  D-1, Complaint, ¶ 1.  Defendant Keith A. Thompson is, and was at the time this lawsuit was filed, a citizen of the State of Texas.  Defendant P.A.M. Transport, Inc. is, and was at the time this lawsuit was filed, a corporation organized under the laws of the State of Arkansas, with its principal place of business in the State of Arkansas.  *Id.*, ¶ 2.  Therefore, there is complete diversity of citizenship between the parties.

5.

Plaintiff contends that "[a]s a direct and proximate cause of the negligence or wantonness of Defendant Thompson, Plaintiff McLaurin suffers from permanent physical injuries, conscious mental anguish, pain and suffering in the

past and in the future, past medical expenses, and future medical expenses. Plaintiff claims compensatory and punitive damages." D-1, Complaint, ¶ 20.

Plaintiff's Complaint also avers the following:

> The injuries and damages suffered by Tawanna McLaurin include, but are not limited to the following: permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, and future expenses. The Plaintiff is entitled to punitive damages for the willful, wanton, intentional, reckless (sic) and malicious acts of the Defendants. Further, the acts of the Defendants constitute gross negligence.

*Id.*, ¶ 32-33.

6.

In determining whether the requisite $75,000.00 amount in controversy has been established, jurisdiction "is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1319 (11th Cir. 2001). If the jurisdictional amount is not facially apparent from the complaint, the court … may require evidence relevant to the amount in controversy." *Id.*

In the present case, given the damages claimed by Plaintiff, Defendants assert that it is facially apparent from the Plaintiff's Complaint that the requisite $75,000.00 amount in controversy requirement has been met. Should the Court not, however, find that it is facially apparent from the Complaint that the amount in

controversy requirement is met, the Court should also consider Plaintiff's November 18, 2021 settlement offer to Defendants' insurer which reflects Plaintiff's claimed special damages for past medical expenses to be $255,032.60. *See* Plaintiff's settlement offer attached as Defendants' Exhibit 2.  As Plaintiff's claimed special damages for past medical expenses alone are at least $255,032.60, the amount in controversy requirement is met.  *Id.*

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

7.

Defendant Keith A. Thompson has not been served with the Summons and Complaint in this matter.  Therefore, this Joint Notice of Removal is filed within 30 days from the date that Defendant Keith A. Thompson was served with the Summons and Complaint.  Removal is, therefore, timely in accordance with 28 U.S.C. § 1446(b).

8.

Pursuant to 28 U.S.C. 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." As such, Defendants P.A.M. Transport, Inc. and Keith A. Thompson expressly

consent to the removal of this action and the requirements of 28 U.S.C. § 1446(b)(2)(A) have been met.

## CONCLUSION

By this Joint Notice of Removal, P.A.M. Transport, Inc. and Keith A. Thompson do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action. Defendants P.A.M. Transport, Inc. and Keith A. Thompson intend no admission of fact, law, or liability by this Notice and expressly reserve all defenses, motions and/or pleas.

WHEREFORE, Defendants P.A.M. Transport, Inc. and Keith A. Thompson pray that the case be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

This 7th day of June, 2022.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
**J. ROBB CRUSER**
Georgia Bar No. 199480

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092

| | |
|---|---|
| (404) 881-2622 <br> (404) 881-2630 (Fax) <br> jwyrick@cmlawfirm.com <br> gmaddaleni@cmlawfirm.com <br> rcruser@cmlawfirm.com | *Attorneys for Defendant P.A.M. Transport, Inc. and Purported Defendant Keith A. Thompson* |

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certify the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in Local Rule 5.1(C).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned has this day electronically filed the within and foregoing **DEFENDANTS' JOINT NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Christopher D. Glover, Esq.
Alyssa Baskam, Esq.
Benjamin R. Keen, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Overlook II, Suite 400
2839 Paces Ferry Road, SE
Atlanta, GA  30339
Chris.glover@beasleyallen.com
Alyssa.baskam@beasleyallen.com
Ben.keen@beasleyallen.com
*Counsel for Plaintiff*

I FURTHER CERTIFY that the undersigned has mailed copies of the entire pleading referenced above to the above address.

*[Signature contained on next page.]*

This 7th day of June, 2022.

|  |  |
|---|---|
| Meridian II, Suite 2000<br>275 Scientific Drive<br>Peachtree Corners, GA  30092<br>(404) 881-2622<br>(404) 881-2630 (Fax)<br>jwyrick@cmlawfirm.com<br>gmaddaleni@cmlawfirm.com<br>rcruser@cmlawfirm.com | **CRUSER, MITCHELL, NOVITZ,<br>SANCHEZ, GASTON & ZIMET, LLP**<br><br>/s/ Jason G. Wyrick<br>**JASON G. WYRICK**<br>Georgia Bar No. 143112<br>**GREGORY C. MADDALENI**<br>Georgia Bar No. 913114<br>**J. ROBB CRUSER**<br>Georgia Bar No. 199480<br>*Attorneys for Defendant P.A.M. Transport, Inc. and Purported Defendant Keith A. Thompson* |