**E-FILED**
22EV00219
DO NOT WRITE IN THIS SPACE   4/11/2022 11:17 A
Christopher G. Scott, Cler
Civil Divisio

**GEORGIA, FULTON COUNTY**

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

Towanna McLaurin
_____
_____
_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

P.A.M. Transport, c/o Rogers & Cates, P.C.
_____
2300 Henderson Mill Rd., Suite 312
_____
Atlanta   GA                30345
_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Chris Glover
_____

Address: 2839 Paces Ferry Rd. SE, Suite 400
_____

City, State, Zip Code: Atlanta, GA 30339        Phone No.: (404) 751-1162

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

### SERVICE INFORMATION:

Served, this _____ day of _____, 20_____.     _____
                                                                DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**



**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**\*\*E-FILED\*\***
22EV00219
4/11/2022 11:17 AI
Christopher G. Scott, Cler
Civil Divisio

## STATE COURT OF FULTON COUNTY
**Civil Division**

**CIVIL ACTION FILE #:** _____

Towanna McLaurin

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

Keith Chandler Thompson

1643 Pecan Log Place

Austell   GA          30168

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | \*\*\*\*\*\*\*\*\*\*\*\* |
| [ ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Chris Glover

Address: 2839 Paces Ferry Rd. SE, Suite 400

City, State, Zip Code: Atlanta, GA 30339          Phone No.: (404) 751-1162

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**

Served, this _____ day of _____, 20_____.   _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV002199
4/11/2022 11:17 AM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF
## FULTON COUNTY, GEORGIA

| | | |
|---|---|---|
| **TOWANNA MCLAURIN,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION NO.:** |
| **v.** | * | |
| | * | |
| **P.A.M. TRANSPORT, INC. and** | * | |
| **KEITH CHANDLER THOMPSON,** | * | |
| | * | |
| **Defendants.** | * | |

## PLAINTIFF'S COMPLAINT

COMES NOW Towanna McLaurin, by and through undersigned Counsel, and shows unto the Court the following:

## STATEMENT OF THE PARTIES

1.      Plaintiff Towanna McLaurin is over the age of majority and is a resident of Acworth Cobb County, Georgia.

2.      Defendant P.A.M. Transport, Inc. (hereinafter "PAM Transport") is a foreign corporation whose principal place of business is in Tontitown, Washington County, Arkansas. PAM Transport may be served by service of process on its agent: Rogers & Cates PC, 2300 Henderson Mill Rd., Suite 312, Atlanta, GA 30345.

3.      Defendant Keith Chandler Thompson (hereinafter "Thompson") is over the age of majority and is a resident of Austell, Cobb County, Georgia.  At all times material herein, Thompson was believed to be an agent of PAM Transport.

## JURISDICTION AND VENUE

4.      Venue is proper in this Court and county as to all Defendants pursuant to O.C.G.A. §14-2-510 because Defendant PAM Transport maintains its registered agent in Fulton County.

1

## **STATEMENT OF FACTS**

5.      On or about May 3, 2021, Towanna McLaurin was the driver of a 2021 BMW X3 vehicle bearing vehicle identification number 5UXTY3C05M9D75310.  Plaintiff McLaurin was operating her vehicle westbound on Interstate 20 in Cobb County, Georgia in the far righthand lane.

6.      At said time and place, Defendant Thompson was operating a commercial vehicle owned by Defendant PAM Transport, westbound on Interstate 20 in Cobb County, Georgia, directly behind Plaintiff in the far righthand lane.

7.      Defendant Thompson was an employee and/or agent of Defendant PAM Transport at the time of the accident.

8.      At all times herein mentioned, Plaintiff was reasonable and in observance of the laws of the state of Georgia.

9.      As Plaintiff was slowing for traffic ahead, Defendant failed to slow his vehicle and collided with the rear of Plaintiff's vehicle.

10.      As a direct and proximate result of the aforesaid wrongful, negligent, and/or wanton conduct of Defendants, Plaintiff suffered injuries.

11.      Plaintiff's damages were directly and proximately caused by the aforementioned negligence and wantonness of Defendants PAM Transport and Thompson and were incurred without contributory negligence or assumption of the risk on the part or Plaintiff, or an opportunity for Plaintiff to avoid the accident.

WHEREFORE, Plaintiff demands judgment against each of the Defendants for both compensatory and punitive damages in an amount to be determined by a jury together with the costs of this proceeding.

## COUNT I
### (Negligence/Wantonness – Defendant Thompson)

12.     Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-11 above.

13.     On May 3, 2021, Defendant Thompson was operating a commercial vehicle within the line and scope of his employment with PAM Transport when he negligently and wantonly allowed his vehicle to collide with the rear of Plaintiff's vehicle.

14.     Defendant Thompson had a duty to act reasonably and use care while driving. Defendant Thompson had a duty to pay attention to traffic, to maintain a proper lookout, to obey traffic control devices, to obey the laws and rules of the state of Georgia, to follow industry standards for the safe operation of a commercial vehicle and to pay full time and attention to the operation of his vehicle in order to avoid a collision.

15.     Defendant Thompson breached that duty of due care by failing to pay proper attention to the roadway and the traffic, failing to obey the laws and rules of the state of Georgia, and failing to control the vehicle in order to avoid a collision, thereby causing a collision with Plaintiff's vehicle.

16.     As a direct and proximate cause of the negligence or wantonness of Defendant Thompson, Plaintiff McLaurin suffers from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, and future medical expenses.  Plaintiff claims compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment against each of the Defendants for both compensatory and punitive damages in an amount to be determined by a jury together with the costs of this proceeding.

3

## COUNT II
### (Negligence/Wantonness – Defendant PAM Transport)

17.     Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-16 above.

18.     Defendant PAM Transport had a duty to Plaintiff to act reasonably.

19.     Defendant PAM Transport breached that duty.

20.     As a direct and proximate cause of the negligence or wantonness of Defendant PAM Transport, Plaintiff McLaurin suffers from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, and future medical expenses.  Plaintiff claims compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgment against each of the Defendants for both compensatory and punitive damages in an amount to be determined by a jury together with the costs of this proceeding.

## COUNT III
### (Gross Negligence/Wantonness – Defendants Thompson & PAM Transport)

21.     Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-20 above.

22.     Defendants at the time and place of the aforementioned accident, operated the vehicle in a careless, reckless and unsafe manner, failed to exercise ordinary care and diligence, and was, further grossly negligent in, including but not limited to, the following respects:

(a)     They failed to keep a proper lookout;

(b)     They failed to maintain proper control of the vehicle so as to avoid an accident; all in total disregard for the safety of the Plaintiff and those around her;

4

    (c)     Defendant PAM Transport entrusted its vehicle to Defendant Thompson, either with actual or constructive knowledge that he was an incompetent driver and was likely to operate a motor vehicle in a negligent and reckless manner;

    (d)     Defendant PAM Transport negligently or wantonly hired, retained, supervised, entrusted a vehicle to and/or trained Defendant Thompson.

    (e)     Defendants PAM Transport and Thompson negligently and/or wantonly inspected and/or maintained the tractor trailer driven by Thompson.

23.    Defendants' conduct constitutes gross negligence and/or wantonness, which proximately caused, in whole or in part, the damages to Plaintiff, including permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, and future expenses.

## <u>COUNT IV</u>
**(Negligent Hiring, Training and Supervision – Defendants PAM Transport & Thompson)**

24.    Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-23 above.

25.    Defendant PAM Transport, prior to and at the time of the accident, was negligent in its hiring, training and supervision of Defendant Thompson in that it entrusted its vehicle to Defendant Thompson, either with actual or constructive knowledge that he was an incompetent driver and was likely to operate a motor vehicle in a negligent and reckless manner.

26.    Defendant's negligence in hiring, retaining, training and supervision of Defendant Thompson proximately caused, in whole or in part, the damages to Plaintiff, including permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, and future expenses.

## COUNT V
### (Agency Defendant – Defendant PAM Transport)

27.     Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-26 above.

28.     The above-described acts of Defendant Thompson were committed while he was acting as agent, servant, and or employee of Defendant PAM Transport, and were committed within the scope of his agency and while furthering the business interests of Defendant PAM Transport.

29.     As principal of Defendant Thompson, Defendant PAM Transport was responsible for all of the acts committed by Defendant Thompson within the scope of his agency, including the accident in this case that caused the Plaintiff's injuries.

## COUNT VI
### (Combined and Concurring Negligence)

30.     Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-29 above.

31.     The negligence, wantonness or other wrongful acts of all Defendants in this case combined and concurred to cause the injuries and damages as alleged above.

## DAMAGES

32.     The injuries and damages suffered by Towanna McLaurin include, but are not limited to the following:   permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, and future expenses.

33.     The Plaintiff is entitled to punitive damages for the willful, wanton, intentional, reckless and malicious acts of the Defendants. Further, the acts of the Defendants constitute gross negligence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against each of the Defendants for both compensatory and punitive damages in an amount to be determined by a jury together with the costs of this proceeding.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

This the **11th** day of **April, 2022**.

_s/ Christopher D. Glover_
CHRISTOPHER D. GLOVER (417058)
ALYSSA BASKAM (776157)
BENJAMIN R. KEEN (810828)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Overlook II
2839 Paces Ferry Rd. SE, Suite 400
Atlanta, GA 30339
(404) 751-1162 telephone
(855) 674-1818 facsimile
chris.glover@beasleyallen.com
alyssa.baskam@beasleyallen.com
ben.keen@beasleyallen.com

## DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:

P.A.M. Transport, Inc.
c/o Rogers & Cates PC
2300 Henderson Mill Rd., Suite 312
Atlanta, GA 30345
(Fulton County)

Keith Chandler Thompson
1643 Pecan Log Place
Austell, GA 30168
(Cobb County)

**E-FILED
22EV00219
4/11/2022 11:17 AI
Christopher G. Scott, Cler
Civil Divisio

# IN THE STATE COURT OF
# FULTON COUNTY, GEORGIA

| | | |
|---|---|---|
| TOWANNA MCLAURIN, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | CIVIL ACTION NO.: |
| **v.** | * | |
| | * | |
| P.A.M. TRANSPORT, INC. and | * | |
| KEITH CHANDLER THOMPSON, | * | |
| | * | |
| **Defendants.** | * | |

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT P.A.M. TRANSPORT, INC.

Plaintiff in the above-styled action serves these interrogatories upon Defendant P.A.M. Transport, Inc. (hereinafter "PAM Transport" or "Defendant"), and requests that they be answered fully in writing and under oath within the time provided by the Georgia Civil Practice Act. Each interrogatory is addressed to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to Defendant, the question is also directed to the aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental answers if the persons or entities to whom these interrogatories are addressed obtain further information between the time the initial answers are served and the time of trial.

## DEFINITIONS

1)    "Incident" means the incident referred to in the Complaint, resulting in the injuries to Towanna McLaurin.

2)    "Driver" – For the purposes of these requests, the term "driver" shall refer to Defendant Thompson, the driver of the subject vehicle.

3)    "Subject vehicle or your vehicle" – For the purposes of these requests, the terms "subject vehicle" or "your vehicle" shall refer to the vehicle driven by your driver on the date of the accident.

4)     "FMCSR" – For the purposes of these requests, the term "FMCSR" shall refer to the Federal Motor Carrier Safety Regulations.

5)     As used herein the term "document" means without limitation the following items, whether printed, record or reproduced by any other mechanical means or process or written or produced by hand:   agreements; contracts; orders; purchase orders; communications; correspondence; letters; telegrams; tape recording; memoranda; summaries; notes; or other recordings of telephone conversations, personal conversations or meetings; corporate charters, by-laws, minutes or other documents of any description evidencing action taken by a corporate entity; deeds, leases, mortgages, security agreements or legal documents of any kind and description; agenda of meetings; notices, records and interoffice memoranda; personal memoranda; photographs; photographic slides; motion pictures films; charts; graphs; diagrams; drawings; bookkeeping entries; bills; invoices; orders; receipts; canceled checks; vouchers; ledger sheets; computer printouts; reports; statements of witnesses; findings of investigations; files; records of negotiations; reports of experts; reports of consultants; papers; books; records; objects; summaries; videotapes; maps; posters; pamphlets; fliers and any and every other written, graphic, mechanical or tangible means by which human intelligence is in any way transmitted, reported, recorded or preserved.

6)     The term "person" means any natural person, firm, corporation, partnership, joint venture, governmental unit or agency thereof, or any judicial person or any other legal entity.

7)     The word "communication" means any written or oral contact or communication or document relating thereto between two or more persons or companies and shall include without limitation written contact by such means as letters, memoranda, telegrams, telex or by any such means as face-to-face meetings and telephone conversations.

8)     Unless otherwise specified, as used herein, the words "meeting" and "meetings" mean any coincidence or presence of two or more persons between or among whom some communication occurs whether or not such coincidence of presence was by change or prearranged, formal or informal or in connection with some other activity.

9)     Reference herein to the "vehicle" or any derivative or synonym thereof, is to the certain 2020 Peterbilt 578 truck, VIN No. 1XPBDP9X3LD688934 and connected trailer made the basis of this lawsuit.

## **INTERROGATORIES**

1.     Identify each person, now known to this Defendant, who was a witness to the incident made the basis of the Plaintiff's Complaint or has information related to the incident forming the basis of Plaintiff's Complaint.

2.     Identify and describe all documents related to this trip or trips of Defendant Thompson in the 14 days leading up to this collision and including this collision.

3.     Give your understanding of the employment history of Defendant Thompson starting with the first job you know about to the present.

4.     List each traffic violation by Defendant Thompson for the ten (10) years preceding the date of the incident.

5.     List each motor vehicle accident in which Defendant Thompson was involved for the ten (10) years preceding the date of the incident.

6.     Does this Defendant provide its employees with any safety literature, safety programs, safety manuals, safety memoranda, or other written documents pertaining to safety? If so, please identify, explain, and produce.

7.     Does this Defendant participate in any type of safety program, including those provided by its liability insurance carrier? If so, please identify and explain.

8.     Identify and describe any and all training provided to Defendant Thompson by this Defendant or known by this Defendant to have been provided to Defendant Thompson by the time of the subject incident.

9.     Identify and describe any and all actions taken by this Defendant to ensure Defendant Thompson's compliance with all rules of the road and safety policies mandated by this Defendant, including those related to slowing your vehicle for traffic.

10.     Does this Defendant maintain any type of complaint system or procedure for receiving and handling complaints against this Defendant's drivers? If so, please explain.

11.     Give the full name, job title, and address of the safety director for this Defendant at the present and at the time of the subject incident.

12.     If this Defendant has no safety director at the present or at the time of the subject incident, who is in charge of and responsible for safety for this Defendant?

13.     Give the name and address for any dispatcher for this Defendant at the present and at the time of the subject incident and identify each dispatcher who was involved in the trip which Defendant Thompson was making at the time of the collision.

14.     Identify any person by name, address and job title that inspected the subject vehicle at any time prior or subsequent to the collision.

15.     Please give the name and current address of any person who was a passenger in your vehicle at the time of the collision.

16.     Did Defendant Thompson ever prepare, submit, or make any written statement or report of the collision?

17.    Did this Defendant take any disciplinary action of any kind against Defendant Thompson as a result of the incident?

18.    Was Defendant Thompson charged in any manner as a result of the incident? If so, explain your answer?

19.    Is Defendant Thompson still employed by this Defendant? If not explain your answer, giving date of termination and reason for same?

20.    State the name, address and title of the person or persons who answered or assisted in answering these interrogatories and the place where these interrogatories were answered.

21.    State whether this Defendant is correctly designated in this action. If not, please state the correct way this Defendant should be identified.

22.    State the full name and address of each expert this Defendant intends to use at the trial of this case. For each such expert state:

    a.    The qualifications, educational background and experience of each such expert;
    b.    The subject matter to which each such expert is expected to testify;
    c.    State with specificity the substance of any facts and opinions to which the expert is expected to testify and a summary of each such opinion, together with the grounds and basis for each such opinion.
    d.    List all publications, speeches, presentations, etc. ever made by said expert;
    e.    List a detailed description of all depositions and trial testimony by each expert including, but not limited to, the style of each case, the case number, attorneys of record for all parties and the date or dates on which said deposition or trial testimony was given.

23.    Identity all persons whom you believe have knowledge of any facts relevant to any of the following categories:

    a.    Persons seeing and/or hearing the accident which is the basis of this suit;
    b.    Persons who were at the scene of the accident immediately prior to or following its occurrence;
    c.    Persons having knowledge of facts relevant to this accident;
    d.    Persons having knowledge of facts bearing upon the injuries suffered by the Plaintiff;
    f.    Persons having knowledge relevant to the amount of damages sustained by the Plaintiff.

24.    Does this Defendant believe that the Plaintiff engaged in any wrongful conduct or omissions that caused or contributed to cause her injuries? If so, please list and fully describe.

This the **11**th day of **April, 2022**.

4

_s/ Christopher D. Glover_
CHRISTOPHER D. GLOVER (417058)
ALYSSA BASKAM (776157)
BENJAMIN R. KEEN (810828)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Overlook II
2839 Paces Ferry Rd. SE, Suite 400
Atlanta, GA 30339
(404) 751-1162 telephone
(855) 674-1818 facsimile
chris.glover@beasleyallen.com
alyssa.baskam@beasleyallen.com
ben.keen@beasleyallen.com

**E-FILED
22EV00219
4/11/2022 11:17 Al
Christopher G. Scott, Cler
Civil Divisio

## IN THE STATE COURT OF
## FULTON COUNTY, GEORGIA

TOWANNA MCLAURIN,                     *
                                      *
        **Plaintiff,**                *
                                      *       **CIVIL ACTION NO.:**
**v.**                                *
                                      *
P.A.M. TRANSPORT, INC. and            *
KEITH CHANDLER THOMPSON,              *
                                      *
        **Defendants.**               *

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT P.A.M. TRANSPORT, INC.

Plaintiff in the above-styled action serves these requests upon Defendant P.A.M. Transport, Inc. (hereinafter referred to as "PAM Transport" or "Defendant"), and requests that they be answered fully in writing and under oath within the time provided by the Georgia Civil Practice Act. Each request is addressed to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to Defendant, the question is also directed to the aforementioned persons.

These requests shall be deemed continuing so as to require supplemental answers if the persons or entities to whom these requests are addressed obtain further information between the time the initial answers are served and the time of trial.

## DEFINITIONS AND NOTES

1)      "Incident" means the incident referred to in the Complaint, resulting in the injuries to Towanna McLaurin.

2)      "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase

orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings; every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original.  Plaintiff expressly intends for the term "Document" to include any attachments or exhibits to the requested document, or any other documents referred to in the requested document or incorporated by reference.

3)      "Person" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

4)      Plaintiff requests that Defendant produce in electronic format, delivered to us on accessible electronic devices (e.g. cd's or external hard drives), all data that has been stored in any type of electronic format.  These storage locations include but are not limited to databases, emails, cd's, dvd's, zip disks, floppies, external hard drives, flash cards, websites, pda's of any type, backup tapes and servers/workstations of any type on or off of the network.  All data including hidden files regardless of file format should be delivered on accessible electronic devices. This includes data at your facility as well as data used that is stored in other locations. These locations include but are not limited to office space, home/home office, vendors, and offsite storage facilities.

5)      Plaintiff requests that Defendant not apply any stamp or markings or other document management numbers, symbols, or colored inking or striping to any documents produced in connection with these requests so as to obscure any information contained on the documents or copies made therefrom or to interfere with character recognition software, thus preserving the legibility of all such documents and copies in their entirety.

6)      Reference herein to the "vehicle" or any derivative or synonym thereof, is to the certain 2020 Peterbilt 578 truck, VIN No. 1XPBDP9X3LD688934 and connected trailer made the basis of this lawsuit.

## **REQUEST FOR PRODUCTION**

1.      The driver qualification and employee file on Defendant Thompson, including his personnel file; employment application; certificate of road test and test form; any documents relating to the written examination taken, including questions asked, the answers given, and the certificate of written examination issued; any documents related to Defendant Thompson and/or his employer which are maintained in your file or database of qualified drivers or subcontractors; any documents relating to physical examinations of Defendant Thompson pursuant to §391.45; medical certificate pursuant to §391.51(b)(1); drug screening consent form pursuant to §40.323; and acknowledgement of Motor Carrier Safety Drug Policy pursuant to §40.

2.      Copies of all annual reviews of the driving record of Defendant Thompson.

3.      Any and all records pertaining to the daily activities of Defendant Thompson for the time period of 90 days prior to the wreck, including but not limited to, dispatch records.

4.      Any and all maintenance records for the subject vehicle.

5.      All records, logbooks, time slips, payroll records, canceled checks, timecards, pay stubs, electronically stored data and all other documents concerning wages paid to, hours worked and hours of service by Defendant Thompson for the time period of three months prior to the wreck.  This includes information kept in any form, including written and/or electronic.

6.      A copy of all rules, policies and regulations manuals, procedure manuals, memos, videos or documents, by whatever name, which were provided by this Defendant or available to Defendant Thompson, and a receipt showing the driver received the material, if applicable.

7.      A copy of all inspection reports for the subject vehicle, including thirty-day and pre-trip inspection reports.

8.      All photographs or videos taken of the scene of the wreck or the vehicles involved in the collision.

9.      The dispatch records for the subject vehicle and all vehicles operated by Defendant Thompson for 90 days preceding the date of the collision or any record evidencing use of a vehicle by Defendant Thompson.

10.      A copy of any safety literature, safety programs, videos, safety manuals, safety policies, handbooks or other written documents pertaining to safety provided to employees or drivers by this Defendant in the last five years.

11.      A copy of all records Defendant Thompson was required to keep pertaining to his daily activities for this Defendant or otherwise for the time period of one year prior to the wreck.

12.      All documents related to or addressing the health and physical condition of Defendant Thompson.

13.      Produce all electronically stored data related to the truck driven by Defendant Thompson, including emails, Qualcomm, blackbox download, satellite tracking, electronic roadway mapping equipment or similar data for a 90-day period prior to the accident.

14.      A copy of all documents reflecting the make and model of any electronic recording device in the subject truck at the time of the accident.  This request includes but is not limited to, the device settings, correspondence between Defendant and PeopleNet and/or Lytx, purchase orders, invoices, product manuals, specifications, recording capabilities, and instructions on all electronic equipment contained within the vehicle.

15.      Produce Defendant Thompson's sign in and sign out sheet at the terminals for the past three months prior to the incident.

16.     Produce Defendant Thompson's fuel purchase, slips or receipts for the past three months prior to the incident.

17.     Produce Defendant Thompson's bridge, tunnel, toll and turnpike receipts for the past three months prior to the incident.

18.     Produce Defendant Thompson's hotel and motel receipts for the three months prior to the incident.

19.     Produce Defendant Thompson's travel orders, trip sheets, manifest, bill of laden, and weigh bills for the three months prior to the incident.

20.     Please produce a copy of any and all letters, literature, or other documents distributed to Defendant Thompson between the time he was hired and May 3, 2021 either during a safety meeting or any other time.

21.     Please produce a copy of the entire log file including but not limited to copies of letters concerning any type of violations pertaining to Defendant Thompson. This includes information kept in any form, including written and/or electronic.

22.     Please produce a copy of the entire accident file including but not limited to any statement given by Defendant Thompson to any employee of this Defendant.

23.     Please produce written responses from Defendant Thompson's prior employer and state agencies contacted during the three years preceding the application for employment.

24.     Please produce any and all performance evaluations on Defendant Thompson.

25.     Please produce all prior motor vehicle accident or incident reports involving Defendant Thompson from the date of hire to the present.

26.     Please produce all documents related to the incident in question.

27.     Please produce a copy of any and all agreements and/or contracts between this Defendant and Defendant Thompson.

28.     Produce all documents related to the medical criteria for the safe operation of a commercial motor vehicle.

29.     Produce a list of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said expert(s) are expected to testify, including the substance of the facts, opinions and conclusions to which each and every expert is expected to testify in this case.

30.    Produce copies of any and all resumes or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

31.    Produce a copy of each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case.

32.    Produce copies of any and all articles, or authoritative materials, statutes, ordinances or codes that Defendant intends to use or present at the trial of this case.

33.    Please produce copies of any and all documents received from non-party subpoenas and open records requests in this matter.

34.    Please produce a true and correct copy of the certificate of title regarding said vehicle; along with all sales documents concurring said vehicle.

35.    Please produce a copy of the owner's manual or any documents provided to the buyer at the time of the purchase of the subject vehicle.

36.    Please produce all evidence of insurance coverage for this claim, including any excess or umbrella policies.

37.    Produce copies of the following documents and things:

a)    All photographs in your possession or in the possession of your insurance carrier of your vehicle, the Plaintiff's vehicle and the scene of the accident.

b)    All statements obtained by you or your insurance carrier from the Plaintiff.

c)    All estimates or repair bills for your vehicle or the Plaintiff's vehicle.

d)    All videotapes or films in your possession or the possession of your insurance carrier depicting the Plaintiff.

e)    All medical bills or medical reports obtained by your insurance carrier related to the Plaintiff prior to this suit being filed.

38.    Please produce the name and address of each and every person from whom this Defendant has taken a written and/or recorded statement about the subject incident and a copy of said statement.

39.    Please produce a copy of the registration for the subject vehicle.

Submitted this the 11th day of **April, 2022**.

*s/ Christopher D. Glover*
CHRISTOPHER D. GLOVER (417058)
ALYSSA BASKAM (776157)
BENJAMIN R. KEEN (810828)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Overlook II
2839 Paces Ferry Rd. SE, Suite 400
Atlanta, GA 30339
(404) 751-1162 telephone
(855) 674-1818 facsimile
chris.glover@beasleyallen.com
alyssa.baskam@beasleyallen.com
ben.keen@beasleyallen.com

**E-FILED
22EV00219
4/11/2022 11:17 AI
Christopher G. Scott, Cler
Civil Divisio

IN THE STATE COURT OF
FULTON COUNTY, GEORGIA

TOWANNA MCLAURIN,                          *
                                           *
      Plaintiff,                           *
                                           *          CIVIL ACTION NO.:
v.                                         *
                                           *
P.A.M. TRANSPORT, INC. and                 *
KEITH CHANDLER THOMPSON,                    *
                                           *
      Defendants.                          *

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT KEITH CHANDLER THOMPSON

Plaintiff in the above-styled action serves these interrogatories upon Defendant Keith Chandler Thompson (hereinafter referred to as "Thompson" or "Defendant"), and requests that they be answered fully in writing and under oath within the time provided by the Georgia Civil Practice Act. Each interrogatory is addressed to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to Defendant, the question is also directed to the aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental answers if the persons or entities to whom these interrogatories are addressed obtain further information between the time the initial answers are served and the time of trial.

## DEFINITIONS

1)     "Incident" means the incident referred to in the Complaint, resulting in the injuries to Towanna McLaurin.

2)     "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase

orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings; every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original.   Plaintiff expressly intends for the term "Document" to include any attachments or exhibits to the requested document, or any other documents referred to in the requested document or incorporated by reference.

3)      "Person" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

4)      Plaintiff requests that Defendant Thompson produce in electronic format, delivered to us on accessible electronic devices (e.g. cd's or external hard drives), all data that has been stored in any type of electronic format.  These storage locations include but are not limited to databases, emails, cd's, dvd's, zip disks, floppies, external hard drives, flash cards, websites, pda's of any type, backup tapes and servers/workstations of any type on or off of the network.  All data including hidden files regardless of file format should be delivered on accessible electronic devices. This includes data at your facility as well as data used that is stored in other locations. These locations include but are not limited to office space, home/home office, vendors, and offsite storage facilities.

5)      Plaintiffs request that Defendant Thompson not apply any stamp or markings or other document management numbers, symbols, or colored inking or striping to any documents produced in connection with these interrogatories so as to obscure any information contained on the documents or copies made therefrom or to interfere with character recognition software, thus preserving the legibility of all such documents and copies in their entirety.

6)      Plaintiff requests that when Defendant Thompson supplements these and all future interrogatories, that Defendant does so in formal pleadings. Conversely, Plaintiff requests that Defendant not supplement these interrogatories via letters or other informal methods.

7)      If in response to Plaintiff's interrogatories, Defendant fails to disclose any facts or other discoverable information and then at a later date discloses such facts or information to Plaintiff, please state how the existence of these additional facts or information was "discovered" by Defendant, by whom such additional facts or information were "discovered," when such additional facts or information were "discovered," who made the decision to disclose such facts or information to Plaintiff, when that decision was made, and in detail, why such additional facts or information was not disclosed to Plaintiff in Defendant's initial responses.

8)      Reference herein to the "vehicle" or any derivative or synonym thereof, is to the certain 2020 Peterbilt 578 truck, VIN No. 1XPBDP9X3LD688934 and connected trailer made the basis of this lawsuit.

## INTERROGATORIES

1.     Does this Defendant or his attorneys contend that Plaintiff was negligent and that such negligence caused or contributed to the injuries to Plaintiff? If so, state or provide:

      a)     The substance of your contention; and
      b)     All facts upon which you base this contention.

2.     Please state the nature of your relationship with any other Defendant.

3.     Please state whether you were acting as an agent or employee for any individual or entity at the time of the collision made the basis of this suit or performing any errand, task, or service for any individual or entity at the time of the collision made the basis of this suit.  If so, provide:

      a)     The name and address of such individual or entity; and
      b)     A description of what you were doing at the time of the incident made the basis of this suit.

4.     Please describe, in detail, everything you did to avoid this collision.

5.     Please state with specificity, where you were traveling from and your intended destination at the time of the collision.

6.     Please state if you were conscious at the time of the collision. If not, what is the last thing you remember and how long were you unconscious?

7.     If a medical event caused or contributed to this collision, please describe the condition and why/how it caused this collision.

8.     Please describe, in narrative fashion and in as complete detail as possible, the manner in which the collision made the basis of this lawsuit happened, including any events prior to and leading up to the occurrence, the events occurring immediately thereafter, and include in your answer all events in the sequential order.

9.     If you deny that you were negligent in any way with respect to the collision, please state:

      a)     All facts known to you, your attorneys or agents which support or corroborate your denial of negligence.

10.     Please state each and every traffic citation or offense which has been issued to you in the past ten (10) years. For each such citation or offense, state the following:

      a)     The offense or citation charge;
      b)     The jurisdiction in which said offense or citation was charged; and

c)      The resolution of each of the citations or offenses disclosed above.

11.    Please state what drugs, if any, including prescription drugs that you had taken within twenty-four (24) hours of this incident.

12.    Please state the kind and amount of alcoholic beverages, if any, you consumed within four (4) hours of this incident.

13.    At the time of the collision were you suffering from any physical or mental illness or condition?

14.    Have you been involved in any other collisions in your lifetime? If so, please state the details of each.

15.    Please state the name and address of anyone to which you reported physical or medical problems you were experiencing prior to the accident and state the nature of the problems.

16.    State the speed of your vehicle just prior to it colliding with Plaintiff's vehicle and all known inputs by you including steering, braking and acceleration.

17.    Have you ever been arrested or charged with a crime? If so, please give the dates and details of each arrest or conviction.

18.    Please list each place where you have been employed in the last ten (10) years.

19.    State your full name and address and state all addresses where you have lived for the past ten (10) years.

20.    Describe your history of employment with PAM Transport including, but not limited to your date of hire, positions in company, and reprimands, commendations, or awards.

21.    Have you ever been sued or filed a lawsuit related to a personal injury? If so, describe all such cases and give the outcome and the name of your attorney.

22.    Give the names and addresses of all witnesses known to you concerning the accident made the basis of this suit.

23.    Have you ever had your license revoked? If so, please state the reason revoked, date of revocation and state of revocation.

24.    List all medical conditions that you have experienced or be diagnosed with for the past 10 years, including the names of any doctor or medical facility who diagnosed and/or treated you for the condition.

25.     List all doctors, chiropractors, clinics, medical facilities, hospitals, or medical provider by any name who you have used in the last 10 years, including the doctor or facility that gave you your medical certification to drive.

26.     Please state the name and address of any person this Defendant expects to call as an expert witness at trial and state or provide:

      a.     The subject matter on which the expert is expected to testify;

      b.     Substance of all facts and opinions to which the expert is expected to testify; and

      c.     A summary of the grounds for each such opinion.

27.     Please state the name and address of the owner of the vehicle you were operating which was involved in the collision made the basis of this suit.

28.     Please state the name, address and name of agent of all insurance companies who may be obligated to pay any judgment rendered against you in this case and the limits of coverage.

29.     Please state with specificity, where you were traveling from and your intended destination at the time of the collision and your exact departure time.

30.     Describe the route you took from your departure until the collision and describe any and all stops you made, if any.

Submitted this the **11**th day of **April, 2022**.

                                              *s/ Christopher D. Glover*
                                              CHRISTOPHER D. GLOVER (417058)
                                              ALYSSA BASKAM (776157)
                                              BENJAMIN R. KEEN (810828)
                                              Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Overlook II
2839 Paces Ferry Rd. SE, Suite 400
Atlanta, GA 30339
(404) 751-1162 telephone
(855) 674-1818 facsimile
chris.glover@beasleyallen.com
alyssa.baskam@beasleyallen.com
ben.keen@beasleyallen.com

**E-FILED
22EV00219
4/11/2022 11:17 AI
Christopher G. Scott, Cler
Civil Divisio

# IN THE STATE COURT OF
## FULTON COUNTY, GEORGIA

| | |
|---|---|
| TOWANNA MCLAURIN, | * |
| | * |
| **Plaintiff,** | * |
| | * |
| | * **CIVIL ACTION NO.:** |
| **v.** | * |
| | * |
| **P.A.M. TRANSPORT, INC. and** | * |
| **KEITH CHANDLER THOMPSON,** | * |
| | * |
| **Defendants.** | * |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT KEITH CHANDLER THOMPSON

Plaintiff in the above-styled action serves these requests upon Defendant Keith Chandler Thompson (hereinafter referred to as "Thompson" or "Defendant"), and requests that they be answered fully in writing and under oath within the time provided by the Georgia Civil Practice Act. Each request is addressed to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. When a question is directed to Defendant, the question is also directed to the aforementioned persons.

These requests shall be deemed continuing so as to require supplemental answers if the persons or entities to whom these requests are addressed obtain further information between the time the initial answers are served and the time of trial.

## DEFINITIONS

1)   "Incident" means the incident referred to in the Complaint, resulting in the injuries to Towanna McLaurin.

2)   "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase

1

orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings; every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original.   Plaintiff expressly intends for the term "Document" to include any attachments or exhibits to the requested document, or any other documents referred to in the requested document or incorporated by reference.

3)      "Person" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

4)      Plaintiff requests that Defendant Thompson produce in electronic format, delivered to us on accessible electronic devices (e.g. cd's or external hard drives), all data that has been stored in any type of electronic format.   These storage locations include but are not limited to databases, emails, cd's, dvd's, zip disks, floppies, external hard drives, flash cards, websites, pda's of any type, backup tapes and servers/workstations of any type on or off of the network.   All data including hidden files regardless of file format should be delivered on accessible electronic devices. This includes data at your facility as well as data used that is stored in other locations. These locations include but are not limited to office space, home/home office, vendors, and offsite storage facilities.

5)      Plaintiff requests that Defendant Thompson not apply any stamp or markings or other document management numbers, symbols, or colored inking or striping to any documents produced in connection with these requests so as to obscure any information contained on the documents or copies made therefrom or to interfere with character recognition software, thus preserving the legibility of all such documents and copies in their entirety.

6)      Reference herein to the "vehicle" or any derivative or synonym thereof, is to the certain 2020 Peterbilt 578 truck, VIN No. 1XPBDP9X3LD688934 and connected trailer made the basis of this lawsuit.

## FIRST REQUEST FOR PRODUCTION

1.      Produce copies of the following documents and things:

   a)      All photographs in your possession or in the possession of your insurance carrier of your vehicle, the Plaintiff's vehicle and the scene of the accident.

   b)      All statements obtained by you or your insurance carrier from the Plaintiff.

   c)      All estimates or repair bills for your vehicle or the Plaintiff's vehicle.

   d)      All videotapes or films in your possession or the possession of your insurance carrier depicting the Plaintiff.

e)    All medical bills or medical reports obtained by your insurance carrier related to the Plaintiff prior to this suit being filed.

f)    Copy of any criminal charges, pleas, tickets, reports or documents related to this accident.

g)    Copy of all prior criminal charges within the past ten years involving the operation of a motor vehicle, including but not limited to traffic tickets and driving under the influence, whether related to this accident or not.

h)    Copy of all criminal charges within the past ten years relating to the use of intoxicating substances, including but not limited to alcohol, illegal or prescription drugs.

i)    All medical records within the previous five years of this accident related to your medical condition during the requested time period.

2.    Produce copies of your driver's license and commercial vehicle license at the time of this accident.

3.    Produce copies of any driving records, driver logs, gasoline tickets, accident report forms for a one-month period prior to the accident.

4.    Produce copies of your application for employment; driver's road test results and written examination results; and certificate of physical qualifications by medical examiner.

5.    Produce copies of any documents in your possession related to safe driving, safety regulations, driving procedures, federal commercial vehicle guidelines, commercial driver's manuals, commercial license study guides, or employer trucker guidelines.

6.    Produce copies of cell phone records, email, text, or records from any device designed to communicate with someone or something outside your vehicle for a 72-hour period prior to the collision.

7.    Produce copies of any documents in your possession that would reflect payments made to you or by you related to your employment as a truck driver for a one-month period up to and including the date of the collision in question.

8.    Produce copies of all your medical records in your possession or that of your attorneys for a 10-year period up to the date in question, including those related to this incident.

9.    A copy of the current resume and/or curriculum vitae of each expert witness consulted by you.

10.    Produce a copy of all expenses for Defendant for a 30-day period leading up to and including the time of the crash in question. This request includes, but is not limited to the fuel tax

file, truck file, fuel receipts, toll receipts, hotel receipts, food purchase receipts, credit card receipts, credit card bills, and fuel card records.

11.   Produce a copy of all documents related to the load being shipped at the time of the incident in question and for all loads carried by Defendant for a 30-day period leading up to and including the time of the crash in question. This request includes but is not limited to all shipping documents, bills of lading, delivery receipts, manifests, route sheets, and gate logs.

12.   Produce any and all supporting documents reflecting your hours of service for a 30-day period leading up to and including the day of the accident. This request includes, but is not limited to the following:

- Accident reports
- Bills of lading
- Credit card receipts
- CVSA reports
- Delivery receipts
- Dispatch records
- Freight bills
- Fuel billing statements
- Fuel receipts
- Gate receipts
- Lumper receipts
- On-bard computer reports
- Toll billing
- Overweight/oversize reports & citations
- Over-short & damage reports
- Lessor settlement sheets
- Ports of entry reports
- Phone bill statements
- Traffic citations
- Weight/scale tickets
- E-mobile communications & tracking systems

13.   Please produce a true and correct copy of the certificate of title regarding said vehicle; along with all sales documents concurring said vehicle.

14.   Please produce a copy of the registration for the subject vehicle.

15.   Please produce a copy of any and all maintenance records for the subject vehicle.

16.   Please produce the name and address of each and every person from whom this Defendant has taken a written and/or recorded statement about the subject incident and a copy of said statement.

17.     Please produce copies of any and all documents received from non-party subpoenas and open records requests in this matter.

18.     Produce a list of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said expert(s) are expected to testify, including the substance of the facts, opinions and conclusions to which each and every expert is expected to testify in this case.

19.     Produce copies of any and all resumes or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

20.     Produce a copy of each photograph, document or item of demonstrative evidence you may or will offer as evidence at the trial of this case.

21.     Produce copies of any and all articles, or authoritative materials, statutes, ordinances or codes that Defendant intends to use or present at the trial of this case.

22.     Please produce a copy of any notes or any incident report prepared by you, or on your behalf, concerning the wreck and any claim or potential claim arising out of said wreck.

23.     Please produce all pre-accident or post-accident alcohol and/or drug tests (if any) that were administered to you.

24.     Please produce any and all medical records relating to treatment you received as a result of your injuries sustained in the subject accident.

25.     Produce each correspondence, letter, or email, not subject to privilege, this Defendant received or generated referencing this collision between the date of the accident, and the date your response is given to this document request.

26.     Please produce any documents or materials you claim non-party fault to or apportion non-party fault to or contend show any other entity or person, other than you, is responsible for Towanna McLaurin's injuries.

27.     Produce any and all documents which evidence your relationship with any other Defendant in this action.

28.     Produce copies of any and all training provided to you by any Defendant prior to driving the vehicle on the date of the accident.

29.     Please produce all evidence of insurance coverage for this claim, including any excess or umbrella policies.

30.     Please produce a copy of the owner's manual or any documents provided to the buyer at the time of the purchase of the subject vehicle.

Submitted this the **11**th day of **April, 2022**.

*s/ Christopher D. Glover*
CHRISTOPHER D. GLOVER (417058)
ALYSSA BASKAM (776157)
BENJAMIN R. KEEN (810828)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Overlook II
2839 Paces Ferry Rd. SE, Suite 400
Atlanta, GA 30339
(404) 751-1162 telephone
(855) 674-1818 facsimile
chris.glover@beasleyallen.com
alyssa.baskam@beasleyallen.com

**E-FILED*
22EV00219
4/29/2022 4:30 PI
Christopher G. Scott, Cler
Civil Divisio

## In the State Court of Fulton County
## State of Georgia

| | |
|---|---|
| TOWANNA McLAURIN,  ) | |
| ) | |
| Plaintiff,   ) | |
| )  | Civil Action |
| v.   ) | File No.: 22EV002199 |
| ) | |
| P.A.M. TRANSPORT, Inc. and  ) | |
| KEITH CHANDLER THOMPSON,  ) | |
| ) | |
| Defendants.   ) | |

## AFFIDAVIT OF PRIVATE PROCESS SERVER

My name is Shane Barron.  I am a citizen of the United States of America, over 21 years of age, I am not an employee to either party of this case, nor do I have an interest in the outcome of this action.

On the 22nd day of April 2022, I served P.A.M. Transport, Inc.  with the SUMMONS, PLAINTIFF'S COMPLAINT, PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT P.A.M. TRANSPORT, INC., PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT KEITH CHANDLER THOMPSON, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT P.A.M. TRANSPORT, Inc., AND PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT KEITH CHANDLER THOMPSON, by handing it to David Cates, who is authorized to accept service, at 2300 Henderson Mill Road, Ste: 312, Atlanta, GA 30345.

4/28/22
Date

Shane Barron

Subscribed and sworn to before me,
This 28 day of April, 2022

Notary Public

S PAYLOR
NOTARY
PUBLIC
Exp. Sept. 20, 2025
COBB COUNTY, GA



IN THE STATE COURT OF FULTON COUNTY

STATE OF GEORGIA

Administrative Order No. 22EX000001

IN RE: ORDER FOR APPOINTMENT FOR SERVICE OF PROCESS

It appearing that the State Court of Fulton County has read and considered petitions and criminal records for the persons listed below, and the same having met certification requirements, this Court hereby allows the same to serve process for State Court proceedings,

IT IS HEREBY ORDERED that the following persons:

ABRAHAM, ROBIN L.
ALLEN, LAKEITA TYESHA
ANDERSON, QAISAR CRAIG
ANDERSON, WILLIAM JAMES
ANDREWS II, GENE EDWARD
ARMSTRONG, CHRISTOPHER J.
ARMSTRONG, CYNARA
BACKO, MUSTAFA
BAILEY, ANNA MARIE
BALL, STACY LEIGH
BARNES, KRISTOPHER KEVIN
BARNEY JR., STEVEN MICHAEL
BARRON, SHANE WILLIS
BARRY, PAUL EDWIN
BASHAM, JAMES STEVEN
BENITO, RICHARD DAVID
BETHEL-MAXIE, VAQUISHA
BEYENE, EUAEL BERHANE
BOATENG, SHERRY DOTSON
BOLLING, KATHERINE DEVORE
BRAZEMAN, CRAIG PHILIP
BRIDGET, KAYLA DENISE
BRILEY, DONNIE CHAPPELLE
BRYANT, SHEMIKA ROCHELLE
BUNCH, KIM
BUTTS, KIMBERLY LYNN
BYER, EDMOND JOHN
CABRERA-ANDERSON, SANDY
CHASTAIN, MICHAEL ALAN
CHESLER, ROSETTA L.
CHILDRESS, CLIFTON
CLEMMONS, JOYCE YVONNE
CLINE, TRAVIS DANIEL
COCHRANE, BABETTE DAWN
COOK, CHRIS LAMAR
CUNNINGHAM, SALLY K.
DALMAN, JONATHAN B.
DAMBACH-CIRKO, PATRICIA J.
DANIELS, SONIA L.
DAVIDSON, DANNY DOUGLAS
DAVIDSON, MITCHELL T.
DAY, DUANE DAVIDSON
DEVAUGHN, CARL LINTON
DOLBIER, JEFFREY ALAN
EARTHRISE, ROCHELLE D.
ECHOLS, ERIC DWIGHT
ECHOLS, PATRICIA IZETTA
ELLIOTT, MAURICE

FARKAS, BELA
FAULKNER, DANA V.
FAZZIO, DEDREA L.
FERGUSON, REGINALD B.
FERRERO, AMY LYNN
FISHER, DAWN WALLS
FITZGERALD, FLORETTA
FOGLE, JOHNNY COLVIN
FOLDS, CATHERINA PILAR
FOLDS, GEORGE LARRY
FORD, RONNIE
FOX, JUHANI ALLEN
FREESE, JESSICA RENEE
FULLER, THOMAS WAYNE
GALVIN, ELIZABETH MARY
GARMON, JASON HAMPTON
GAYLE, EARL WINSTON
GEORGE, RANDAL LEE
GIBBS III, THOMAS DAVID
GILES, HERBERT F.
GREEN, ANJENAI G.
GREEN, MELBA JANI
GREENWAY, KIMBERLY B.
GRIMSHAW, SHANE KELLEE
HABTEMARIAM, NEBYOU
HANDLEY, WILEY D.
HARRIS, PARKS WAYNE
HASSAN, MUHSIN SHAHID
HASSAN, MUHSIN SHAHID
HIGHSMITH, AMOS MATTHEW
HIGHTOWER, ANTHONIO
HILL, HOLLIS JEROME
HILL, LISA WILSON
HINDSMAN, CHERROD TER-RAY
HINES, JAMES WILLIAM
HORTON, CHRISTOPHER TODD
HORTON, MALACHI
HUDSON, HAKIMAH B.
HUDSON, KYLE W.
HUGULEY, CK ADONNI
HUMPHREY, JOVIERA Y.
IRVINE, XAVIER ANTOINE
JACKSON II, ANTHONY
JAMES, FRANK HUGH
JENKINS, STEPHANIE D.
JOHNSON, EARL CHARLES
JOHNSON, MICHAEL TODD
KAHSSU, HAILE TANKEY

KING, AMOS
KOTLAR, MICHAEL J.
LASTER, BEVERLY L.
LAUSMAN, MARSHA C.
LAWSON, ZURI M.
LE, PHUONG-ANH DAO
LETTS, WILLIAM EARL
LEWIS, KEVIN JOSEPH
LOUIS, CLYDE A.
LUTWACK, WILLIAM C.
MAGGARD, ANDREW M.
MALLAS, NICHOLAS A.
MAXWELL, BRANDON S.
MCCLELLAN, RODNEY J.
MCGAHEE, LARRY LOUIS
MCMILLON, ERICKA D.
MITCHELL, KEVIN JOSEPH
MORGAN, TODD VERNELL
MOTT, CYNTHIA
MURPHY JR., GREGORY B.
MURRAH, JUANQUALO D.
NEWSOM, JESSICA FALLON
NICHOLS, JEAN GRINWIS
NICHOLS, LATHAN OTTO
NOLEN, MILTON LEE
O'LEARY, CHRISTINE L.
PALMER, ALITA SHARISSE
PANNELL, NICOLE D.
PARKER, ATARI LARAE
PERLSON, MARC DAMON
PHELAN, CHRISTINE
PHELAN, ROSS
RANSOME, MAURICE L.
RECKERDREES, THOMAS NMN
REDDICK, DEREK LAMAR
REYES, REAGAN J.
RHODES, KATHRYN DENISE
RICHARDSON, CLARK
RICHARDSON, LEROY
RIVERS, MICHAEL THOMAS
ROBBINS, KAREN FELICIA
ROBINSON, JEROY
RUDDOCK, LEOPOLD ERIC
RUDDOCK, MARGARET A.
SADLER JR., JOHN THURSTON
SANDERS, SHAKILA TERIA
SAXON, JASMINE NICHOLE
SAXON, RASHAD LAMAR

SAXON, ROBIN LEE
SAXON-FORD, VIRGINIA
SEKLECKI, CHRISTIAN G.
SHEPHERD, ELIZABETH A.
SIBBALD, JOHN WILLIAMS
SINGLETON, WESLEY G.
SMITH JR., BRUCE RICHARD
SMITH, DELACIE PAUL
SMITH, RONALD LEON
SMITH, VIRGINIA E CHARLES
SNELLINGS, SHARON E.
SPEARS, JOYE L.
SPELLEN, ELIZABETH R.
SPELLEN, GEOFFREY B.
STANTON, CHRISTOPHER S.
STARKS, MARC ANTONY
STEPHENS, GERI SHAMEKA
STEWART, RONNIE NORRIS
STINYARD, KELVIN
STONE, ALESIA ANDREA
STONE, RODNEY DAVID
SWINDLE, FRANK L.
SWINGER, INA LYNN
TASSAW, BERHANE BEYENE
THOMAS, JEFFREY ALAN
THOMPSON, VANESSA
THRASH, NANCY M.
TORT, HENRY
TROY, DOUGLAS ADAM
TURNER, TRAVIS DAVON
VELASQUEZ, JULIUS O.
WALKER WHISBY, KATARA
WASHINGTON, SABRINA A.
WATT II, ROOSEVELT
WEBBER, MELINA MARY
WEEKS, FRANCES MARIAN
WEST, ERIC NOEL
WILLIAMS, JACK LELAND
WINKLEMAN, NAN L.
WOLFE, LISA LYNN
WRIGHT, CHRISTOPHER K.



be appointed and authorized to serve as Permanent Process Servers for the calendar year of 2022, without the necessity of an order for appointment in each individual case.

SO ORDERED, this 1st day of January, 2022.

Chief Judge Susan E. Edlein
State Court of Fulton County

# STATE COURT OF FULTON COUNTY
# STATE OF GEORGIA

DO NOT WRITE IN THIS SPACE

**22EV002199**

File & ServeXpress

Transaction ID: 67606118
Number: 22EV002199
May 10 2022 02:39PM
Christopher G. Scott, Chief Clerk
Civil Division

Chris Glover
4200 Northside Pkwy Nw Bldg 1 Ste 100
Atlanta Ga  30327

**Attorney or Plaintiff Name and Address**

Towanna Mclaurin
110 Hanover Ave
Dallas Ga 30157

vs.

P.A.M. Transport, Inc.
2300 Henderson Mill Rd
Suite 312
Atlanta GA  30345

**Name and Address of PLAINTIFF**

**Name and Address of DEFENDANT**

## MARSHAL'S ENTRY OF SERVICE

**PERSONAL**

GEORGIA, FULTON COUNTY
I have this day served the defendant(s) _____
_____ personally with a copy of the within action and summons.

This _____ day of _____, _____.   _____
                                                                              **DEPUTY MARSHAL**

**NOTORIOUS**

GEORGIA, FULTON COUNTY
I have this day served the defendant(s) _____
By leaving a copy of the action and summons at his/their most notorious place of abode in said County.

Delivered same in hands of _____, a _____ described
as follows:
Age, about _____ years; weight, about _____ lbs; height, about _____ft. _____in.,
Domiciled at the residence of the defendant(s).

This _____ day of _____, _____.   _____
                                                                              **DEPUTY MARSHAL**

**CORPORATION**

GEORGIA, FULTON COUNTY
Served the defendant _____, a corporation, by leaving a
copy of the within action and summons with _____ in charge of the office
and doing business of said corporation, in Fulton County, Georgia.
This _____ day of _____, _____.   _____
                                                                              **DEPUTY MARSHAL**

**BETTER ADDRESS**

GEORGIA, FULTON COUNTY
Diligent search made and the defendant(s):

Not to be found in the jurisdiction of said Court for the following reason:
Location is not in Fulton County. (Cobb county).

**NON-EST**

Please furnish this office with a new service form with the correct address.
This _9th_ day of _May_, _2022_.   Dep. J. Williams #442
                                                               **DEPUTY MARSHAL**

**STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON County
**EFILED**

**22EV002199**
File & ServeXpress
Transaction ID: 67606179
Case Number: 22EV002199
May 10 2022 02:50PM
Christopher G. Scott, Chief Clerk
Civil Division

Chris Glover
4200 Northside Pkwy Nw Bldg 1 Ste 100
Atlanta Ga  30327
**Attorney or Plaintiff Name and Address**

Towanna Mclaurin                          vs.      Keith Chandler Thompson
110 Hanover Ave                                    1643 Pecan Log Pl
Dallas Ga 30157                                     Austell GA  30168
**Name and Address of PLAINTIFF**                  **Name and Address of DEFENDANT**

## MARSHAL'S ENTRY OF SERVICE

**PERSONAL**

GEORGIA, FULTON COUNTY
I have this day served the defendant(s) _____
_____ personally with a copy of the within action and summons.

This _____ day of _____, _____.
                         **DEPUTY MARSHAL**

**NOTORIOUS**

GEORGIA, FULTON COUNTY
I have this day served the defendant(s) _____
By leaving a copy of the action and summons at his/their most notorious place of abode in said County.

Delivered same in hands of _____, a _____ described
as follows:
Age, about _____ years; weight, about _____lbs; height, about _____ft. _____in.,
Domiciled at the residence of the defendant(s).

This _____ day of _____, _____.
                         **DEPUTY MARSHAL**

**CORPORATION**

GEORGIA, FULTON COUNTY
Served the defendant _____, a corporation, by leaving a
copy of the within action and summons with _____ in charge of the office
and doing business of said corporation, in Fulton County, Georgia.
This _____ day of _____, _____.
                         **DEPUTY MARSHAL**

**BETTER ADDRESS**

GEORGIA, FULTON COUNTY
Diligent search made and the defendant(s):

Not to be found in the jurisdiction of said Court for the following reason:

Location is not in Fulton County (Cobb county)

**NON-EST**

Please furnish this office with a new service form with the correct address.
This 9th day of May , 2022 .      Dep J. Williams #442
                         **DEPUTY MARSHAL**

**E-FILED**
22EV00219
5/11/2022 5:21 PI
Christopher G. Scott, Clen
Civil Divisio

## IN THE STATE COURT OF FULTON COUNTY
### STATE OF GEORGIA

| | | |
|---|---|---|
| TOWANNA MCLAURIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION** |
| vs. | § | |
| | § | **FILE NO. 22EV002199** |
| P.A.M. TRANSPORT, INC. and KEITH | § | |
| CHANDLER THOMPSON, | § | |
| | § | |
| Defendants. | § | |
| | § | |

### DEFENDANT P.A.M. TRANSPORT, INC.'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW **P.A.M. TRANSPORT, INC.**, a Defendant in the above-styled civil action, and files this Answer and Affirmative Defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

### THIRD DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## FOURTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, avoidance of consequences and assumption of the risk.

## FIFTH DEFENSE

Plaintiff has a duty to mitigate damages.  Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## SIXTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## SEVENTH DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

## EIGHTH DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever.

## NINTH DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## TENTH DEFENSE

This Defendant asserts the affirmative defenses of real party in interest and misnomer pursuant to O.C.G.A. § 9-11-17 and applicable Georgia law.

## ELEVENTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts improper venue as an affirmative defense.

## TWELFTH DEFENSE

As a Twelfth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## STATEMENT OF THE PARTIES

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant admits the allegations contained within Paragraph 2 of Plaintiff's Complaint.

3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

## STATEMENT OF FACTS

5.

This Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant denies the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint, and denies the allegations contained within the "Wherefore Paragraph" immediately below Paragraph 11 of Plaintiff's Complaint.

## COUNT I
### (Negligence/Wantonness – Defendant Thompson)

12.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 11 of Plaintiff's Complaint as if those responses were set forth herein.

13.

This Defendant denies the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant can neither admit nor deny the allegations contained within Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint, and denies the allegations contained within there "Wherefore Paragraph" immediately below Paragraph 16 of Plaintiff's Complaint.

## COUNT II
### (Negligence/Wantonness – Defendant PAM Transport)

17.

This Defendant hereby reasserts and incorporates by reference the responses made

previously to Paragraphs 1 through 16 of Plaintiff's Complaint as if those responses were set

forth herein.

18.

This Defendant can neither admit nor deny the allegations contained within Paragraph 18

of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the

truth thereof and puts Plaintiff upon strict proof of the same.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's

Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's

Complaint, and denies the allegations contained within there "Wherefore Paragraph"

immediately below Paragraph 20 of Plaintiff's Complaint.

## COUNT III
### (Gross Negligence/Wantonness – Defendants Thompson & PAM Transport)

21.

This Defendant hereby reasserts and incorporates by reference the responses made

previously to Paragraphs 1 through 20 of Plaintiff's Complaint as if those responses were set

forth herein.

22.

This Defendant denies the allegations contained within Paragraph 22, including all sub-paragraphs therein, of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

## COUNT IV
### (Negligent Hiring, Training and Supervision – Defendants PAM Transport & Thompson)

24.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 23 of Plaintiff's Complaint as if those responses were set forth herein.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

## COUNT V:
### (Agency Defendant – Defendant PAM Transport)

27.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 26 of Plaintiff's Complaint as if those responses were set forth herein.

28.

This Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

## COUNT VI
### (Combined and Concurring Negligence)

30.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 29 of Plaintiff's Complaint as if those responses were set forth herein.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

## DAMAGES

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant additionally denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraphs contained below Paragraph 33 of Plaintiff's Complaint.

## THIRTEENTH DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant **P.A.M. TRANSPORT, INC.** prays that it be discharged without costs.

### A TRIAL BY JURY OF TWELVE IS DEMANDED.

This 11th day of May, 2022.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant P.A.M. Transport, Inc. and Purported Defendant Keith A. Thompson*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
gmaddaleni@cmlawfirm.com
rcruser@cmlawfirm.com

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TOWANNA MCLAURIN, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| vs. | § | |
| | § | **FILE NO. 22EV002199** |
| P.A.M. TRANSPORT, INC. and KEITH | § | |
| CHANDLER THOMPSON, | § | |
| | § | |
| **Defendants.** | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT P.A.M. TRANSPORT INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Christopher D. Glover, Esq.
Alyssa Baskam, Esq.
Benjamin R. Keen, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Overlook II, Suite 400
2839 Paces Ferry Road, SE
Atlanta, GA 30339
Chris.glover@beasleyallen.com
Alyssa.baskam@beasleyallen.com
Ben.keen@beasleyallen.com
*Counsel for Plaintiff*

This 11th day of May, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant P.A.M. Transport, Inc. and Purported Defendant Keith A. Thompson*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 (Fax)

**E-FILED
22EV00219
5/11/2022 5:21 PI
Christopher G. Scott, Cler
Civil Divisio

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TOWANNA MCLAURIN, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| vs. | § | |
| | § | **FILE NO. 22EV002199** |
| P.A.M. TRANSPORT, INC. and KEITH | § | |
| CHANDLER THOMPSON, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### DEFENDANT KEITH A. THOMPSON'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT

COMES NOW **KEITH A. THOMPSON**, improperly identified as **KEITH CHANDLER THOMPSON**, a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Answer and Affirmative Defenses by Special Appearance to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's claims are, or may be barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to lack of personal jurisdiction.

### THIRD DEFENSE

Plaintiff's Complaint is barred due to insufficiency of process.

### FOURTH DEFENSE

Plaintiff's Complaint is barred due to insufficiency of service of process.

{SECURE Firm/297/00100/PLEADING/03543015.DOCX }

## FIFTH DEFENSE

Plaintiff's Complaint should be dismissed because there has been no lawful service of the Summons and Complaint upon this Defendant.  Absent personal service within the application statute of limitations, Plaintiff's claims are time barred.

## SIXTH DEFENSE

Plaintiff's Complaint is barred due to laches.

## SEVENTH DEFENSE

This Defendant breached no duty to Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## EIGHTH DEFENSE

No act or omission of this Defendant caused or contributed to cause any damage alleged to have been sustained by Plaintiff; therefore, Plaintiff may not recover from this Defendant in any sum or manner whatsoever.

## NINTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts the affirmative defenses of contributory negligence, comparative negligence, avoidance of consequences and assumption of the risk.

## TENTH DEFENSE

Plaintiff has a duty to mitigate damages. Should discovery evidence a failure on Plaintiff's part to do so, this Defendant reserves the right to assert failure to mitigate damages as an affirmative defense.

## ELEVENTH DEFENSE

Plaintiff has failed to plead special damages pursuant to O.C.G.A. § 9-11-9(g).

## TWELFTH DEFENSE

Plaintiff fails to state a claim for punitive damages upon which relief can be granted.

## THIRTEENTH DEFENSE

There is no clear and convincing evidence that Defendants were guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences and, accordingly, Plaintiff is not entitled to recover punitive damages in any sum or manner whatsoever.

## FOURTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred by the Constitutions of the United States and the State of Georgia.

## FIFTEENTH DEFENSE

This Defendant asserts the affirmative defenses of real party in interest and misnomer pursuant to O.C.G.A. § 9-11-17 and applicable Georgia law.

## SIXTEENTH DEFENSE

To the extent applicable and to preserve defenses, this Defendant asserts improper venue as an affirmative defense.

## SEVENTEENTH DEFENSE

As a Seventeenth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## STATEMENT OF THE PARTIES

1.

This Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

2.

This Defendant can neither admit nor deny the allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

3.

This Defendant denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4.

This Defendant denies the allegations contained within Paragraph 4 of Plaintiff's Complaint.

## STATEMENT OF FACTS

5.

This Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

6.

This Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

7.

This Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

8.

This Defendant can neither admit nor deny the allegations contained within Paragraph 8 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

9.

This Defendant denies the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11.

This Defendant denies the allegations contained within Paragraph 11 of Plaintiff's Complaint, and denies the allegations contained within the "Wherefore Paragraph" immediately below Paragraph 11 of Plaintiff's Complaint.

## COUNT I
### (Negligence/Wantonness – Defendant Thompson)

12.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 11 of Plaintiff's Complaint as if those responses were set forth herein.

13.

This Defendant denies the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

This Defendant can neither admit nor deny the allegations contained within Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

15.

This Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Complaint.

16.

This Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Complaint, and denies the allegations contained within there "Wherefore Paragraph" immediately below Paragraph 16 of Plaintiff's Complaint.

## COUNT II
### (Negligence/Wantonness – Defendant PAM Transport)

17.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 16 of Plaintiff's Complaint as if those responses were set forth herein.

18.

This Defendant can neither admit nor deny the allegations contained within Paragraph 18 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof and puts Plaintiff upon strict proof of the same.

19.

This Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Complaint.

20.

This Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint, and denies the allegations contained within there "Wherefore Paragraph" immediately below Paragraph 20 of Plaintiff's Complaint.

## COUNT III
### (Gross Negligence/Wantonness – Defendants Thompson & PAM Transport)

21.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 20 of Plaintiff's Complaint as if those responses were set forth herein.

22.

This Defendant denies the allegations contained within Paragraph 22, including all sub-paragraphs therein, of Plaintiff's Complaint.

23.

This Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

## COUNT IV
### (Negligent Hiring, Training and Supervision – Defendants PAM Transport & Thompson)

24.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 23 of Plaintiff's Complaint as if those responses were set forth herein.

25.

This Defendant denies the allegations contained within Paragraph 25 of Plaintiff's Complaint.

26.

This Defendant denies the allegations contained within Paragraph 26 of Plaintiff's Complaint.

## COUNT V:
### (Agency Defendant – Defendant PAM Transport)

27.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 26 of Plaintiff's Complaint as if those responses were set forth herein.

28.

This Defendant denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29.

This Defendant denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

## COUNT VI
### (Combined and Concurring Negligence)

30.

This Defendant hereby reasserts and incorporates by reference the responses made previously to Paragraphs 1 through 29 of Plaintiff's Complaint as if those responses were set forth herein.

31.

This Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

## DAMAGES

32.

This Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.

This Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant additionally denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraphs contained below Paragraph 33 of Plaintiff's Complaint.

## EIGHTEENTH DEFENSE

This Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, purported Defendant **KEITH A. THOMPSON** prays that he be discharged without costs.

### A TRIAL BY JURY OF TWELVE IS DEMANDED.

This 11th day of May, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant P.A.M. Transport, Inc. and Purported Defendant Keith A. Thompson*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
gmaddaleni@cmlawfirm.com
rcruser@cmlawfirm.com

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| TOWANNA MCLAURIN, | §<br>§ | |
| Plaintiff, | §<br>§ | CIVIL ACTION |
| vs. | §<br>§ | FILE NO. 22EV002199 |
| P.A.M. TRANSPORT, INC. and KEITH<br>CHANDLER THOMPSON, | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT KEITH A. THOMPSON'S ANSWER AND AFFIRMATIVE DEFENSES BY SPECIAL APPEARANCE TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Christopher D. Glover, Esq.
Alyssa Baskam, Esq.
Benjamin R. Keen, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Overlook II, Suite 400
2839 Paces Ferry Road, SE
Atlanta, GA  30339
Chris.glover@beasleyallen.com
Alyssa.baskam@beasleyallen.com
Ben.keen@beasleyallen.com
*Counsel for Plaintiff*

This 11th day of May, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant P.A.M. Transport, Inc. and Purported Defendant Keith A. Thompson*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{SECURE Firm/297/00100/PLEADING/03543015.DOCX }

**E-FILED
22EV00219
5/11/2022 5:21 PI
Christopher G. Scott, Cler
Civil Divisio

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TOWANNA MCLAURIN, | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION** |
| | § | |
| vs. | § | **FILE NO. 22EV002199** |
| | § | |
| P.A.M. TRANSPORT, INC. and KEITH | § | |
| CHANDLER THOMPSON, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANT P.A.M. TRANSPORT, INC. AND PURPORTED DEFENDANT KEITH A. THOMPSON'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS

COME NOW **P.A.M. TRANSPORT, INC.,** a Defendant in the above-styled civil action, and **KEITH A. THOMPSON,** improperly identified as **KEITH CHANDLER THOMPSON,** a purported Defendant in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and file this Demand for Trial by a Jury of Twelve Persons pursuant to O.C.G.A. § 15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater than $25,000.00, either party may demand in writing prior to the commencement of the trial term that the case be tried by a jury of 12. If such a demand is made, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

*See also* O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge shall follow the procedures for superior courts of sub-section (b) of this Code section.

> WHEREFORE, demand is made for trial of this case by a jury of 12 as provided by law.

*[Signature contained on next page.]*

This 11th day of May, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP


**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant P.A.M. Transport, Inc. and*
*Purported Defendant Keith A. Thompson*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
gmaddaleni@cmlawfirm.com
rcruser@cmlawfirm.com

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| TOWANNA MCLAURIN, | § | |
| | § | |
| Plaintiff, | § | **CIVIL ACTION** |
| | § | |
| vs. | § | **FILE NO. 22EV002199** |
| | § | |
| P.A.M. TRANSPORT, INC. and KEITH | § | |
| CHANDLER THOMPSON, | § | |
| | § | |
| Defendants. | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT P.A.M. TRANSPORT, INC. AND PURPORTED DEFENDANT KEITH A. THOMPSON'S DEMAND FOR TRIAL BY A JURY OF TWELVE PERSONS** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Christopher D. Glover, Esq.
Alyssa Baskam, Esq.
Benjamin R. Keen, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Overlook II, Suite 400
2839 Paces Ferry Road, SE
Atlanta, GA 30339
Chris.glover@beasleyallen.com
Alyssa.baskam@beasleyallen.com
Ben.keen@beasleyallen.com
*Counsel for Plaintiff*

This 11th day of May, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant P.A.M. Transport, Inc. and Purported Defendant Keith A. Thompson*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 (Fax)

{SECURE Firm/297/00100/PLEADING/03543018.DOCX }

State Court of Fulton County
**E-FILED**
22EV002199
5/11/2022 5:21 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TOWANNA MCLAURIN, | § § | |
| Plaintiff, | § § | CIVIL ACTION |
| vs. | § § § | FILE NO. 22EV002199 |
| P.A.M. TRANSPORT, INC. and KEITH CHANDLER THOMPSON, | § § § | |
| Defendants. | § § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT P.A.M. TRANSPORT, INC'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS UNDER O.C.G.A. § 9-11-34 AND NOTICE TO PRODUCE AT TRIAL UNDER O.C.G.A § 24-13-27 TO PLAINTIFF** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Christopher D. Glover, Esq.
Alyssa Baskam, Esq.
Benjamin R. Keen, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Overlook II, Suite 400
2839 Paces Ferry Road, SE
Atlanta, GA 30339
Chris.glover@beasleyallen.com
Alyssa.baskam@beasleyallen.com
Ben.keen@beasleyallen.com
*Counsel for Plaintiff*

This 11th day of May, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant P.A.M. Transport, Inc. and Purported Defendant Keith A. Thompson*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
(404) 881-2630 (Fax)

{SECURE Firm/297/00100/DISC/03544331.DOCX }

**E-FILED**
22EV00219
6/6/2022 4:38 PI
Christopher G. Scott, Cle
Civil Divisio

IN THE STATE COURT OF
FULTON COUNTY, GEORGIA

TOWANNA MCLAURIN,                          *
                                            *
      Plaintiff,                        *
                                            *
                                            *          CIVIL ACTION NO.:
v.                                          *          22EV002199
                                            *
P.A.M. TRANSPORT, INC. and                  *
KEITH THOMPSON,                             *
                                            *
      Defendants.                       *

## PLAINTIFF'S MOTION TO TRANSFER VENUE

Pursuant to the Georgia Constitution, civil cases are to be tried in the county where a defendant resides. Ga. Const. Art. VI, § 2. In an action involving multiple defendants, venue is proper in the county where any defendant resides. Ga. Const. Art. VI, § 2, ¶ VI; O.C.G.A. § 9-10-31(b). Plaintiff originally filed this case in this Court because the Georgia Secretary of State indicates the registered agent of P.A.M. Transport, Inc. is in Fulton County. (See attached Exhibit "A"). *See* O.C.G.A. § 14-2-510 (corporations authorized to transact business in Georgia are deemed to reside in the county of this state where the corporation maintains its registered office). After further investigation, it is clear that Defendant P.A.M. Transport, Inc.'s registered agent is in DeKalb County. (See attached exhibit "B").

Defendant P.A.M. Transport, Inc. resides in DeKalb County because its agent is in DeKalb County, Georgia. Defendant Thompson's residence is, upon information and belief, 11415 Log Cabin Lane, Tomball, TX 77375-8411.[1] Defendants P.A.M. Transport, Inc. and Keith A. Thompson have raised improper venue in their Answer and Defenses to Plaintiff's Complaint.

---

[1] Plaintiff originally served Keith Chandler Thompson at 1643 Pecan Log Pl., Austell, GA 30168 (Cobb County). It has come to Plaintiff's attention that Keith Chandler Thompson of Austell, GA is not the correct Defendant and was incorrectly named in the accident report completed by Cobb County Police Department. Keith Thompson of Tomball,

Since neither Defendant resides in Fulton County, venue is no longer proper in this Court. Accordingly, Plaintiff asks this Court to transfer this case to DeKalb County State Court. DeKalb is a proper venue for this action because Defendant P.A.M. Transport, Inc. resides there.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Honorable Court enter an Order transferring this case to DeKalb County State Court. A proposed order is attached hereto as Exhibit "C."

Respectfully submitted this 6th day of June, 2022.

*s/ Christopher D. Glover*
CHRISTOPHER D. GLOVER (417058)
ALYSSA BASKAM (776157)
BENJAMIN R. KEEN (810828)
Attorneys for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Overlook II
2839 Paces Ferry Rd. SE, Suite 400
Atlanta, GA 30339
(404) 751-1162 telephone
(855) 674-1818 facsimile
chris.glover@beasleyallen.com
alyssa.baskam@beasleyallen.com
ben.keen@beasleyallen.com

---

TX is the correct party and Plaintiff will correct the at-fault driver Defendant once the case is before a Court of proper jurisdiction.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this the **6th** day of **June, 2022** electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jason G. Wyrick
Gregory C. Maddaleni
J. Robb Cruser
CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP
Meridian II, Suite 2000
275 Scientific Dr.
Peachtree Corners, GA 30092
(404) 881-2622 telephone
(404) 881-2630 facsimile

*s/ Christopher D. Glover*
OF COUNSEL

3/7/22, 7:47 PM    Case 1:22-cv-02265-JPB   Document 1-1 Filed 06/07/22   Page 65 of 75    Georgia

**E-FILED**
22EV00219
6/6/2022 4:38 PI
Christopher G. Scott, Cler
GEORGIA SECRETARY OF STATE Division



# GEORGIA CORPORATIONS DIVISION

# BRAD RAFFENSPERGER

HOME (/)

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **P.A.M. TRANSPORT, INC.** | Control Number: | **J050655** |
| Business Type: | **Foreign Profit Corporation** | Business Status: | **Active/Owes Current Year AR** |
| Business Purpose: | **NONE** | | |
| Principal Office Address: | **PO BOX 188, TONTITOWN, AR, 72770-0188, USA** | Date of Formation / Registration Date: | **4/23/1980** |
| Jurisdiction: | **Arkansas** | Last Annual Registration Year: | **2021** |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **Rogers & Cates PC** |
| Physical Address: | **2300 Henderson Mill Rd, Suite 312, Atlanta, GA, 30345, USA** |
| County: | **Fulton** |

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| JOSEPH H. VITIRITTO | CEO | HWY 412 W, TONTITOWN, AR, 72770, USA |
| ALLEN WEST | CFO | PO BOX 188, TONTITOWN, AR, 72770, USA |
| ALLEN WEST | Secretary | PO BOX 188, TONTITOWN, AR, 72770, USA |

Back          Filing History          Name History

Return to Business Search


Plaintiff's Exhibit
"A"

6/6/22, 10:03 AM ZIP Code™ Lookup | USPS

Case 1:22-cv-02265-JPB   Document 1-1   Filed 06/07/22   Page 66 of 75

**E-FILED
22EV00219
6/6/2022 4:38 PM
Christopher G. Scott, Clerk
Civil Division

ZIP Code™ by Address (/zip-code-lookup.htm?byaddress)

ZIP Code™ by City and State (/zip-code-lookup.htm?bycitystate)

Cities by ZIP Code™ (/zip-code-lookup.htm?citybyzipcode)

FAQs (https://www.usps.com/faqs.htm)

FAQs (https://faqs.htm)

# Look Up a ZIP Code™ FAQs

| Go to |
|-------|

## ZIP Code™ by Address

**You entered:**

2300 HENDERSON MILL RD. SUITE 312
ATLANTA GA

If more than one address matches the information provided, try narrowing your search by entering a street address and, if applicable, a unit number. **Edit and search again. (zip-code-lookup.htm?byaddress)**

---

2300 HENDERSON MILL RD NE STE 312
ATLANTA GA **30345-2704**

| | |
|---|---|
| CARRIER ROUTE | C008 |
| COUNTY | DEKALB |
| DELIVERY POINT CODE | 87 |
| CHECK DIGIT | 7 |
| COMMERCIAL MAIL RECEIVING AGENCY | N |
| LAC™ | - |
| eLOT™ | 0054 |
| eLOT ASCENDING/DESCENDING INDICATOR | A |
| RECORD TYPE CODE | H |
| PMB DESIGNATOR | - |
| PMB NUMBER | - |

Feedback



Plaintiff's Exhibit

"B"

| DEFAULT FLAG | - |
| EWS FLAG | - |
| DPV CONFIRMATION INDICATOR | Y |

**Look Up Another ZIP Code™**

**Edit and Search Again (/zip-code-lookup.htm?byaddress)**

Feedback



Top

**E-FILED
22EV00219
6/6/2022 4:38 PI
Christopher G. Scott, Cler
Civil Divisio

## IN THE STATE COURT OF
## FULTON COUNTY, GEORGIA

| | | |
|---|---|---|
| TOWANNA MCLAURIN, | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **CIVIL ACTION NO.:** |
| **v.** | * | **22EV002199** |
| | * | |
| P.A.M. TRANSPORT, INC. and | * | |
| KEITH CHANDLER THOMPSON, | * | |
| | * | |
| **Defendants.** | * | |

### [PROPOSED] ORDER GRANTING
### PLAINTIFF'S MOTION TO TRANSFER VENUE

Before the Court is Plaintiff's Motion to Transfer Venue. Plaintiff asks for this matter to be transferred to DeKalb County State Court. In support, Plaintiff has shown that there are no resident Defendants of this action in Fulton County. Plaintiff has shown that Defendant P.A.M. Transport, Inc. resides in DeKalb County.

Having considered the motion, any responses thereto, all matters of record, and the applicable and controlling law, Plaintiff's motion is hereby GRANTED, and this Court directs the Fulton County Clerk of Court to transfer this matter to DeKalb County State Court as of the entry of this order.

SO ORDERED THIS _____ day of _____, 2022.


_____
Honorable Judge Patsy Porter
State Court of Fulton County

Plaintiff's Exhibit

"C"

**E-FILED
22EV00219
6/6/2022 6:19 PI
Christopher G. Scott, Cler
Civil Divisio

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TOWANNA MCLAURIN, | § § | |
| Plaintiff, | § § | CIVIL ACTION |
| vs. | § § | FILE NO. 22EV002199 |
| P.A.M. TRANSPORT, INC. and KEITH CHANDLER THOMPSON, | § § § | |
| Defendants. | § § | |

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I hereby certify that I have this day served all counsel of record in this action with a copy

of the following:

1.   DEFENDANT P.A.M. TRANSPORT, INC.'S RESPONSES AND
     OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES; and
2.   DEFENDANT P.A.M. TRANSPORT, INC.'S RESPONSES AND
     OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
     DOCUMENTS

by STATUTORY ELECTRONIC SERVICE via the email addresses below:

Christopher D. Glover, Esq.
Alyssa Baskam, Esq.
Benjamin R. Keen, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Overlook II, Suite 400
2839 Paces Ferry Road, SE
Atlanta, GA  30339
Chris.glover@beasleyallen.com
Alyssa.baskam@beasleyallen.com
Ben.keen@beasleyallen.com
*Counsel for Plaintiff*

This 6th day of June, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP


**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant P.A.M. Transport, Inc. and*
*Purported Defendant Keith A. Thompson*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
gmaddaleni@cmlawfirm.com
rcruser@cmlawfirm.com

**E-FILED
22EV00219
6/6/2022 6:19 PI
Christopher G. Scott, Cler
Civil Divisio

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

TOWANNA MCLAURIN,                    §
                                     §
        Plaintiff,                   §
                                     §        **CIVIL ACTION**
vs.                                  §
                                     §        **FILE NO. 22EV002199**
P.A.M. TRANSPORT, INC. and KEITH     §
CHANDLER THOMPSON,                   §
                                     §
        Defendants.                  §
                                     §

## PURPORTED DEFENDANT KEITH A. THOMPSON'S OBJECTION TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW **KEITH A. THOMPSON**, improperly identified as **KEITH CHANDLER THOMPSON**, a purported Defendant ("Defendant") in the above-styled civil action, appearing specially and without waiving, but specifically reserving all defenses arising from jurisdiction, service and process, and files this Objection to Plaintiff's First Interrogatories and Request for Production of Documents, showing the Court as follows:

Purported Defendant objects to Plaintiff's First Interrogatories to Purported Defendant and Request for Production of Documents on the basis that purported Defendant has not yet been served with process in this matter.  As such, purported Defendant has "'no obligation whatsoever to respond to [Plaintiff's] discovery requests until such time as [s]he [is] served with process.'" Palmer v. Constantin, 256 Ga. App. 233, 235 (2002) (quoting Traver v. McKnight, 208 Ga. App. 278, 279 (1993)).  Given the foregoing, as purported Defendant in the instant case has not been served with process, purported Defendant objects to responding to Plaintiff's First Interrogatories to Purported Defendant and Request for Production of Documents until time that purported Defendant is appropriately served with process in this matter.

This 6th day of June, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP


**JASON G. WYRICK**
Georgia Bar No. 143112
**GREGORY C. MADDALENI**
Georgia Bar No. 913114
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant P.A.M. Transport, Inc. and*
*Purported Defendant Keith A. Thompson*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
gmaddaleni@cmlawfirm.com
rcruser@cmlawfirm.com

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

TOWANNA MCLAURIN,

      Plaintiff,

vs.

P.A.M. TRANSPORT, INC. and KEITH
CHANDLER THOMPSON,

      Defendants.

§
§
§
§
§
§
§
§
§
§
§

**CIVIL ACTION**

**FILE NO. 22EV002199**

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **PURPORTED DEFENDANT KEITH A. THOMPSON'S OBJECTION TO PLAINTIFF'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** with the Clerk of Court using the Odyssey eFileGA system which will send e-mail notification of such filing to the following counsel of record or served a copy of the within and foregoing by STATUTORY ELECTRONIC SERVICE to the e-mail addresses below:

Christopher D. Glover, Esq.
Alyssa Baskam, Esq.
Benjamin R. Keen, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Overlook II, Suite 400
2839 Paces Ferry Road, SE
Atlanta, GA  30339
Chris.glover@beasleyallen.com
Alyssa.baskam@beasleyallen.com
Ben.keen@beasleyallen.com
*Counsel for Plaintiff*

    This 6th day of June, 2022.

               **CRUSER, MITCHELL, NOVITZ,
               SANCHEZ, GASTON & ZIMET, LLP**

               **JASON G. WYRICK**
               Georgia Bar No. 143112
               **GREGORY C. MADDALENI**
               Georgia Bar No. 913114
               **J. ROBB CRUSER**
               Georgia Bar No. 199480
               *Attorneys for Defendant P.A.M. Transport, Inc. and
               Purported Defendant Keith A. Thompson*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)

{SECURE Firm/297/00100/DISC/03583186.DOCX }

**E-FILED**
22EV00219
6/7/2022 1:57 PI
Christopher G. Scott, Clen
Civil Divisio

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| TOWANNA MCLAURIN, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION** |
| **vs.** | § | |
| | § | **FILE NO. 22EV002199** |
| P.A.M. TRANSPORT, INC. and KEITH | § | |
| CHANDLER THOMPSON, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## RULE 5.2 CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served all other parties in this action with a copy of the Third Party Requests directed to the following medical providers for Plaintiff:

- Miguel Jimenez, MD
- Alliance Spine and Pain Center
- Premier Primary Care
- WellStar Cobb Hospital
- BenchMark Physical Therapy
- Regional Medical Group
- Comprehensive Spine & Pain
- Lacey's Marietta Pharmacy
- Jeffrey H. Klopper, MD
- David W. Gale, MD
- CP Healthcare
- Outpatient Imaging, LLC
- The Bortolazzo Group, LLC
- Quantum Radiology
- Puckett EMS

by sending a true copy of same via electronic mail, and with **this Certificate of Service of Discovery** by e-filing same with the Clerk of Court using the Odyssey E-FileGA efile system which will automatically send e-mail notification of such filing to the following attorneys of record:

Christopher D. Glover, Esq.
Alyssa Baskam, Esq.
Benjamin R. Keen, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Overlook II, Suite 400
2839 Paces Ferry Road, SE
Atlanta, GA  30339
Chris.glover@beasleyallen.com
Alyssa.baskam@beasleyallen.com
Ben.keen@beasleyallen.com
*Counsel for Plaintiff*

This 7th day of June, 2022.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

JASON G. WYRICK
Georgia Bar No. 143112
GREGORY C. MADDALENI
Georgia Bar No. 913114
J. ROBB CRUSER
Georgia Bar No. 199480
*Attorneys for Defendant P.A.M. Transport, Inc. and
Purported Defendant Keith A. Thompson*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
jwyrick@cmlawfirm.com
gmaddaleni@cmlawfirm.com
rcruser@cmlawfirm.com